IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| EVANS RUSS, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 1:11-CV-879-TMH |
| | ) | [WO] |
| JACK A. BLUMENFELD, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, an inmate currently incarcerated at the Houston County Jail in Dothan, Alabama, files this 42 U.S.C. § 1983 action against the Honorable J. M. Conaway, District Attorney Douglas Valeska, Assistant District Attorney J. Robinson, and Jack Blumenfeld, Esq. He complains that his constitutional rights were violated during his criminal court proceedings before the Circuit Court for Houston County, Alabama. Plaintiff requests any and all relief to which he is entitled, that Defendants be made to answer his complaint, that the acts alleged in the complaint be declared violative of his constitutional rights, and that he be granted a full hearing. Upon review of the complaint, the court concludes that dismissal of this case prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B).[1]

---

[1]A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

## I. DISCUSSION

*A.  Judge Conaway*

To the extent Plaintiff's seeks to challenge actions taken by Judge Conaway in his judicial capacity during state court proceedings over which he had jurisdiction, such claims are due to be dismissed.  The law is well established that a state judge is absolutely immune from civil liability for acts taken pursuant to his judicial authority.  *Forrester v. White*, 484 U. S. 219, 227-229 (1988); *Paisey v. Vitale in and for Broward County*, 807 F.2d 889 (11th Cir. 1986); *Stump v. Sparkman*, 435 U.S. 349 (1978).  Accordingly, Plaintiff's claims for monetary damages against Judge Conaway are "based on an indisputably meritless legal theory" and are, therefore, due to be dismissed under the provisions of  28 U.S.C. § 1915(e)(2)(B)(i) and (iii).  *Neitzke v. Williams*, 490 U.S. 319,  327 (1989).

To the extent Plaintiff seeks declaratory relief from adverse decisions issued by Judge Conaway in the state criminal proceedings over which this Defendant presided, this court lacks jurisdiction to render such judgment in an action filed pursuant to 42 U.S.C. § 1983. "The *Rooker-Feldman* doctrine prevents . . . lower federal courts from exercising jurisdiction over cases brought by 'state-court losers' challenging 'state-court judgments rendered before the district court proceedings commenced.' *Exxon Mobil Corp. V. Saudi Basic Industries Corp*., 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005)." *Lance v. Dennis*, 546 U.S. 459, 460 (2006).  Although "*Rooker-Feldman* is a narrow doctrine," it remains applicable to bar Plaintiff from proceeding before this court as this case is "brought by [a]

state-court loser[] complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments. 544 U.S. at 284, 125 S.Ct. [at] 1517." *Lance*, 546 U.S. at 464; *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983) (federal district courts "do not have jurisdiction . . . over challenges to state court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional."). Moreover, a § 1983 action is inappropriate either to compel or to appeal a particular course of action by a state court. *Datz v. Kilgore*, 51 F.3d 252, 254 (11th Cir. 1995) (§ 1983 suit arising from alleged erroneous decisions of a state court is merely a prohibited appeal of the state court judgment); *see also Rolleston v. Eldridge*, 848 F.2d 163 (11th Cir. 1988).

In light of the foregoing, the court concludes that dismissal of any request for declaratory relief with respect to actions undertaken by Judge Conaway during proceedings related to Plaintiff's state court criminal proceedings is appropriate under 28 U.S.C. § 1915(e)(2)(B)(i). *See Clark v. State of Georgia Pardons and Paroles Board*, 915 F.2d 636 (11th Cir. 1990); *see also Neitzke*, 490 U.S. 319.

## B.  Attorney Jack Blumenfeld

Plaintiff complains that his court-appointed attorney, Jack Blumenfeld, violated his constitutional rights by providing ineffective assistance of counsel during his criminal court proceedings including a failure to request a mental evaluation for Plaintiff who claims he

suffers from a disability and is mentally disabled.

An essential element of a 42 U.S.C. § 1983 action is that a person acting under color of state law committed the constitutional violation about which a plaintiff complains. *American Manufacturers Mutual Ins. Co. v. Sullivan*, 526 U.S. 40 (1999); *Parratt v. Taylor*, 451 U.S. 527 (1981); *Willis v. University Health Services, Inc.*, 993 F.2d 837, 840 (11th Cir. 1993). Consequently, the Supreme Court has repeatedly insisted "that state action requires *both* an alleged constitutional deprivation 'caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible,' *and* that 'the party charged with the deprivation must be a person who may fairly be said to be a state actor.' *Lugar v. Edmondson Oil Co.,* 457 U.S. 922, 937, 102 S.Ct. 2744, 73 L.Ed.2d 482 (1982); *see Flagg Bros., Inc. v. Brooks,* 436 U.S. 149, 156, 98 S.Ct. 1729, 56 L.Ed.2d 185 (1978)." *American Manufacturers*, 526 U.S. at 49-50. An attorney who represents a defendant in criminal proceedings does not act under color of state law. *Polk County v. Dodson*, 454 U.S. 312 (1981); *Mills v. Criminal District Court No. 3*, 837 F.2d 677, 679 (5th Cir. 1988) ("[P]rivate attorneys, even court-appointed attorneys, are not official state actors and . . . are not subject to suit under section 1983."); *Otworth v. Vaderploeg*, 61 F. Appx. 163, 165 (6th Cir. 2003) ( "A lawyer representing a client is not, by virtue of being an officer of the court, a state actor under color of state law within the meaning of § 1983 .").

Based on the foregoing, Plaintiff's complaint against Defendant Blumenfeld is

frivolous because it lacks an arguable basis in law.  *Neitzke*, 490 U.S. at 327. Plaintiff's claims against this  Defendant are, therefore, due to be dismissed in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i).

## C.  Douglas Valeska and J. Robinson

District Attorney Doug Valeska and Assistant District Attorney J. Robinson are named defendants.  "A prosecutor is entitled to absolute immunity for all actions he takes while performing his function as an advocate for the government." *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993).  The prosecutorial function includes the initiation and pursuit of criminal prosecution, *Imbler v. Pachtman*, 424 U.S. 409, 424 (1976), and all appearances before the court, including examining witnesses and presenting evidence. *See Burns v. Reed*, 500 U.S. 478, 492 (1991)." *Rowe v. Fort Lauderdale*, 279 F.3d 1271, 1279 (11th Cir. 2002); *see also Mastroianni v. Bowers*, 60 F.3d 671, 676 (11th Cir. 1998).

> [A]bsolute immunity is an entitlement to be free from suit for money damages....  [T]he purpose of the immunity is to shield officials from the distractions of litigation arising from the performance of their official functions.  To fulfill its purpose, official immunity protects government officials not only from having to stand trial, but also from having to bear the other burdens attendant to litigation, including pretrial discovery.... In *Imbler v. Pachtman*, 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976), the Supreme Court held that a prosecutor is absolutely immune from civil suit for damages under section 1983 for actions taken "in initiating a prosecution and in presenting the State's case." *Id.* at 431, 96 S.Ct. at 995.

*Marx v. Gumbinner*, 855 F.2d. 783, 788-89 (11th Cir. 1988).

In their role as "as [] 'advocate[s] for the state," Defendants Valeska's and Robinson's

actions are "intimately associated with the judicial phase of the criminal process."
*Mastroianni*, 60 F.3d at 676. (citations omitted).  They are, therefore, "entitled to absolute
immunity for that conduct."  *Id*.

While "prosecutors do not enjoy absolute immunity from [declaratory and injunctive
relief] claims," *see Tarter v. Hury*, 646 F.2d 1010, 1012 (5th Cir. 1981), in order to receive
declaratory or injunctive relief, Plaintiff must establish that there was a violation, that there
is a serious risk of continuing irreparable injury if the relief is not granted, and the absence
of an adequate remedy at law. *See Newman v. Alabama*, 683 F.2d 1312 (11th Cir. 1982).

Here, there is an adequate remedy at law for the violations alleged by Plaintiff in his
complaint against Defendants Valeska and Robinson in their role as prosecutors for the State.
Specifically, Plaintiff may appeal any rulings or actions taken in his criminal case not only
to the highest state court with jurisdiction to hear the claim but also to the United States
Supreme Court. In addition, Plaintiff may seek a writ of habeas corpus in this court. *See* 28
U.S.C. § 2254. Accordingly, there is an adequate remedy at law and Plaintiff is not entitled
to declaratory or injunctive relief in this case against Defendants Valeska or Robinson.

*D. The Conspiracy Claim*

To the extent Plaintiff alleges that Defendants conspired to violate his constitutional
rights, this claim entitles him to no relief.  Plaintiff asserts that Defendants "formed one
common scheme, one common goal" to: 1) violate his Sixth Amendment rights; 2) retaliate
against him for exercising his constitutional rights under the First, Sixth, and Fourteenth

6

Amendments; 3) inflict cruelty on him for his filing of *pro se* pleadings seeking a fair trial and adequate access to court by counsel; 4) punish and deny him a fair trial as a result of his poverty and for requesting help from the judicial system; 5) discriminate against him because he is black; and 6) force him to plead guilty to a crime of which he is innocent.  (*Doc. No. 1 at pg. 9.*)   To the extent Plaintiff  argues that the alleged conspiracy was a knowing violation of his rights thereby abrogating the state defendants' immunity from damages and that Defendant Blumenfeld acted in concert with state court officials thereby making him a state actor, the court finds from a review of the  pleadings filed in this case that Plaintiff's conspiracy claim against Defendants is due to be dismissed.

In order to establish a § 1983 conspiracy, "a plaintiff must show among other things, that Defendants 'reached an understanding to violate [his] rights.' " *Rowe v. Fort Lauderdale,* 279 F.3d 1271, 1283 (11th  Cir. 2002) (citation omitted) (brackets in original). This requires that Plaintiff provide more than a label or a conclusion.  *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555  (2007). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (quoting  *Twombly,* 550 U.S. at 556)). Plaintiff cannot rely on subjective suspicions and unsupported speculation but must provide sufficient facts to show that an agreement was made.  *Id.* at 556.   In addition to pleading

facts to show that an agreement was reached to deny Plaintiff's rights, an "underlying actual denial of [his] constitutional rights" must be shown. *Hadley v. Gutierrez,* 526 F.3d 1324, 1332 (11th Cir. 2008).

The court has carefully reviewed Plaintiff's claim of conspiracy.   At best, his assertions are self serving, purely conclusory allegations that not only fail to assert those material facts necessary to establish a conspiracy by the defendant state actors but also between the defendant state actors and Defendant Blumenfeld such that Defendant Blumenfeld is transformed into a state actor. *Strength v. Hubert*, 854 F.2d 421, 425 (11th Cir. 1988) (to properly state a claim for relief based on a conspiracy between private individuals and state actors, a plaintiff must plead that the offending parties "reached an understanding" to deny the plaintiff his constitutional rights); *Harvey v. Harvey*, 949 F.2d 1127, 1133 (11th Cir. 1992) (merely "stringing together" acts, without showing contacts between private persons and state actors which could prove that these parties "reached an understanding" to violate plaintiff's rights, is insufficient to demonstrate the existence of a conspiracy). Plaintiff alleges no facts suggesting a conspiracy or an agreement other than contending that Defendants had a common goal, scheme, or purpose  to violate his constitutional rights during his criminal proceedings before the Houston County Circuit Court. Such allegations do not allow the court to draw the conclusion that a conspiracy claim is plausible. *Iqbal,* 129 S.Ct. at 1949. *See Fullman v. Graddick,* 739 F.2d 553, 556-57 (11th Cir. 1984) (holding that a conspiracy allegation that is vague and conclusory fails to state a claim upon which relief

can be granted and is subject to dismissal).  Accordingly, the court concludes that Plaintiff's civil conspiracy claim against the named defendants is due to be dismissed as it is insufficient to support a claim for relief under 42 U.S.C. § 1983.  *Iqbal*, 129 S.Ct. 1949; *Harvey*, 949 F.2d at 1133; *Fullman*, 739 F.2d at 556-557.

### E.  The Equal Protection Claim

Plaintiff asserts that he is black and poor.  He complains that Defendants, who are white, denied him a fair trial because of his race and poverty and, therefore, "denied [him] the same equal protection of law to which defendants afford white Americans."  (*Doc. No. 1 at pg. 11*.)  The Equal Protection Clause guarantees that "all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Ctr.,* 473 U.S. 432, 439 (1985).  To establish a claim under the Equal Protection Clause, a prisoner must show that (1) "he is similarly situated with other prisoners who received more favorable treatment; and (2) his discriminatory treatment was based on some constitutionally protected interest such as race" or some other constitutionally protected basis.  *Jones v. Ray,* 279 F.3d 944, 946-47 (11th Cir. 2001) (quotation omitted).  Additionally, in order to establish a viable equal protection claim, a litigant must show an intentional or purposeful discrimination. *Snowden v. Hughes,* 321 U.S. 1, 8 (1944); *E & T Realty v. Strickland,* 830 F.2d 1107, 1113–14 (11th Cir. 1987).

Here, Plaintiff has generally alleged discrimination, but has not identified any specific facts that allow the court to make any plausible inference that any of the treatment he allegedly received from Defendants was based on invidious racial discrimination or based

on his economic status. *See Iqbal*, 129 S.Ct. at 1949 ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); *see also Marsh v. Butler County,* 268 F.3d 1014, 1036 n. 16 (11th Cir. 2001) ("[U]nsupported conclusions of law or of mixed fact and law have long been recognized not to prevent a Rule 12(b)(6) dismissal."). As explained, in order to establish a claim for an equal protection violation, Plaintiff must allege that Defendants gave differential treatment to prisoners who were similarly situated to him, and that the reason for the adverse treatment was based on a constitutionally impermissible reason. *Jones,* 279 F.3d at 946–47; *Damiano v. Florida Parole and Prob. Comm'n,* 785 F.2d 929, 932–33 (11th Cir. 1986)." *Sweet v. Secretary, Department of Corrections,* 467 F.3d 1311, 1318–1319 (11th Cir. 2006). Plaintiff fails to identify any similarly situated prisoners who received more favorable treatment from the named defendants and, thus, his equal protection claim necessarily fails first because he has not alleged that he was treated differently from other, similarly situated inmates. *See Sweet* , 467 F.3d at 1318-1319. Further, Plaintiff has generally alleged discrimination, but has not identified any specific facts tending to suggest that any of the treatment he allegedly received from Defendants was based on invidious racial discrimination or due to his economic status. Because Plaintiff's bald suspicions and assertions of discrimination are unsupported by specific factual allegations, they are insufficient to state a claim for a violation of the Equal Protection Clause. *See Smith v.*

10

*Regional Director of Florida Dept. of Corrections*,  368 Fed.Appx. 9, 12, (11th Cir.  2010);

*Iqbal*, *supra*.  Plaintiff's equal protection claim is, therefore, subject to dismissal under 28

U.S.C. § 1915(e)(2)(B)(ii).

*F.   The Challenge to Plaintiff's Conviction*

　　　　To the extent Plaintiff seeks to challenge the fundamental legality of his confinement,

such claims provide no basis for relief at this time.  *Edwards v. Balisok,* 520 U.S. 641, 646

(1997)*; Heck v. Humphrey,* 512 U.S. 477 (1994); *Preiser v. Rodriguez*, 411 U.S. 475, 500

(1973). In *Heck*, the Supreme Court held that claims for damages arising from challenges to

the legality of a prisoner's confinement are not cognizable in a 42 U.S.C. § 1983 action

"unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned

by the grant of a writ of habeas corpus" and complaints containing such claims must

therefore be dismissed.  512 U.S. at 483-489.  The Court emphasized that "habeas corpus is

the exclusive remedy for a sate prisoner who challenges the fact or duration of his

confinement and seeks immediate or speedier release, even though such a claim may come

within the literal terms of § 1983" and, based on the foregoing, concluded that Heck's

complaint was due to be dismissed as no cause of action existed under section 1983.  *Id*.  at

481.

　　　　In *Balisok*, the Court further determined that a prisoner's "claim for [both] declaratory

relief and money damages" based on an alleged denial of due process that necessarily implies

the invalidity of the action taken against the prisoner "is not cognizable under § 1983" unless

such action has previously been overturned.  520 U.S. at 648.  Moreover, the Court determined that this is true not only when a prisoner challenges the judgment as a substantive matter but also when "the nature of the challenge to the procedures could be such as necessarily to imply the invalidity of the judgment." *Id*. at 645.  The Court "remphasize[d] . . . that a claim either is cognizable under § 1983 and should immediately go forward, or is not cognizable and should be dismissed." *Id*. at 649.

Plaintiff's claims represent a  challenge to the constitutionality of his incarceration stemming from his 2011 criminal proceedings.  A judgment in favor of Plaintiff in this cause of action would necessarily imply the invalidity of his conviction and/or sentence.  It is clear from the complaint that the conviction and/or sentence about which Plaintiff complains has not been invalidated in an appropriate proceeding.  Consequently, the instant collateral attack on the conviction and/or sentence is prohibited as habeas corpus is the exclusive remedy for a state prisoner who challenges the validity of the fact or duration of his confinement. *Balisok,* 520 U.S. at 645; *Heck,* 512 U.S. at 481; *Preiser*, 411 U.S. at 488-490.  Such attack is, therefore, subject to summary dismissal by this court in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii).

## II.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Plaintiff's § 1983 claims against Defendants be DISMISSED with prejudice in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i), (ii) and/or (iii);

2.   Plaintiff's challenge to the constitutionality of the conviction and/or sentence imposed upon him by the Circuit Court for Houston County, Alabama, be DISMISSED without prejudice pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii) as such claims are not properly before the court at this time; and

3. This case be DISMISSED prior to service of process in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i), (ii) & (iii).

It is further

ORDERED that the parties are DIRECTED to file any objections to the Recommendation on or before **November 17, 2011**.  Any objections filed must clearly identify the findings in the Magistrate Judge's Recommendation to which a party  objects.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of*

13

*Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done, this 3rd  day of November 2011.


/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE